## BRECK *v.* BLANCHARD & *a.*

Affidavits of jurors will not be received to show that the juror did not agree to a verdict, which was returned by the foreman and recorded by the court, and no objection made till after the jury had separated.

A juror may openly declare his dissent to the verdict returned by the foreman, at the time when it is read in court, and to be recorded, but not afterwards. In such case the verdict will be rejected.

TRESPASS, for false imprisonment. The defendants pleaded severally the general issue, and a justification under an execution against the plaintiff and others; Blanchard claiming as a party in interest with one Blodgett, by virtue of an assignment of the execution by one Hubbard to them;

and Powers, the other defendant, justifying as the servant of Blanchard.

On the trial, two main points arose for the determination of the jury. The first, material to the defence of both the defendants, was whether the assignment from Hubbard to Blanchard and Blodgett was valid, and such as not to operate as a discharge of the execution, so that it was in force at the time of the acts justified under it. The second point, material to the defence of Blanchard only, was whether, admitting the first point in favor of the defendants, there was such an abuse of the powers by Blanchard as to render him liable in this action. No such abuse being alleged against Powers, his defence was not concerned on this point.

The court instructed the jury that if they should find on the first point for the plaintiff, there should be a verdict for him against both defendants, however the second point might be. But if, on the other hand, they should find on that point for the defendants, there should be a verdict for Powers, and as to Blanchard there should be a verdict for or against him, as they should find for or against him on the second point.

The jury retired, and having remained in their room over night, were the next morning called into court. The court then inquired of the foreman if they had agreed, and he replied that they had not. The court then inquired if they had agreed on any verdict as to either of the defendants, and he replied that they had. He then signed a paper which he held in his hand, and passed it to the clerk, by whom it was then publicly read, in the hearing of the jury, as follows :—

" Henry Breck *v.* John S. Blanchard and Orlando Powers.

SULLIVAN, ss.

*Court of Common Pleas,* }
*February Term,* 1853.

On the first point, as to the validity of the transfer, Hub-

bard to Blanchard and Blodgett, the jury find for the defendant, Orlando Powers.

URIEL DEAN, foreman."

No dissent to the verdict then rendered and read was expressed or manifested by any of the jury.

It was agreed by the counsel, that the same might be drawn up in form and signed by the foreman thereafterwards, which was done. It appearing that there was no probability of the jury being able to agree on a verdict as to the other defendant, Blanchard, they were, with the consent of counsel, discharged from the further consideration of the case, and being excused from further attendance in court, for a short time, they separated. Afterwards the plaintiff's counsel presented to the court a paper, suggesting that he understood that the jury had not agreed upon any such verdict as the one signed by the foreman in court, and requesting informally that the proper steps might be taken to ascertain the truth, with a view to further proceedings at the proper time. Afterwards the counsel requested the court to inquire of the jury, when returned to their place in court, in relation to said verdict, but the court declined to do so. The counsel then moved the court that said verdict be set aside, and proposed to furnish affidavits of some of the jury in favor of said motion impeaching the verdict. The court, without receiving such affidavits, denied the motion ; and upon this question the case was transferred to this court.

*Wheeler*, for the plaintiff.

*Cushing* and *Tappan*, for the defendants.

BELL, J. In the case of *School District* v. *Bragdon*, 3 Foster's Rep. 507, it was decided that where the jury, by consent of parties, had sealed up their verdict and separated, neither party, under our practice, has a right to require a

Breck *v.* Blanchard.

poll of the jury, and in *Nichols* v. *Suncook Manufacturing Company*, 4 Foster's Rep. 437, it was held, that a juror, at the time when the verdict is read in court by the clerk, may openly declare his dissent from it; and that no other evidence would be received to show such dissent but the public declaration of the juror himself, so made in open court. And it was intimated that in such case, if the jury had separated, after agreeing upon their verdict, by consent of parties, the inquiry might be confined to the time of sealing up the verdict, since it might be not a little dangerous to allow verdicts to be set aside upon a change of opinion by any juror after he had been exposed to improper influences. A verdict of a jury ought to be set aside where the decision of any juror is misrepresented or misunderstood by the foreman or his fellows, or where a juror has been forced into acquiescence by improper means, but it is obvious that there must be a limit fixed, beyond and after which no such inquiry can be made ; and we think that time is well settled to be the time when the verdict is recorded.

In the present case it appears that there was a suitable opportunity for the jurors to make their objections. The verdict was informal, as originally presented, and it was redrawn and again signed. While this was doing there was time for any juror, who felt that the foreman was presenting a verdict to which he had not assented, as the unanimous verdict of the jury, to have objected. Having been silent then, he cannot now be heard to deny his consent.

It has been repeatedly decided, that affidavits of jurors may be received to support their verdict, but not to impeach it; but we do not deem this point material in the present case. *The State* v. *Ayer*, 3 Foster's Rep. 301; *Folsom* v. *Brawn*, 5 Foster's Rep. 114.

*Motion denied.*